McCLURE *v.* HARRINGTON.

Opinion delivered April 4, 1927.

TRIAL—INSTRUCTION ASSUMING DISPUTED FACT.—In a suit for damages to an automobile and contents, alleged to have been negligently pushed off a ferryboat into the river, it was error to assume total destruction of the car in submitting the issue as to the value of the property damaged, where the evidence showed that the car was recovered and had some value.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; reversed.

*Will Steel,* for appellant.

Humphreys, J.   This suit was brought by appellees against appellant in the circuit court of Miller County to recover $1,000 damages for a second-hand Buick automobile, valued in the complaint at $400, and certain cooking utensils, clothes and suitcases, valued in the complaint at $600, alleged to have been negligently pushed off appellant's ferryboat by his ferryman, after same had been received or accepted by said ferryman for transportation across Red River at the McClure ferry.   It was alleged that the property belonged to Hill Harrington, one of the appellees, and that the other appellee, Motor Mart Company, held a lien upon the car for a part of the purchase money.

Appellant filed an answer, denying *seriatim* the material allegations in the complaint, and interposing contributory negligence on the part of appellee, Hill Harrington, in further defense of the cause of action. Appellant also alleged in his answer that appellees made no effort to minimize their damages by taking or disposing of the car and its contents after being pulled out of the river by appellant.

The cause was submitted upon the pleadings, testimony adduced by each party, and the instructions of the court, which resulted in a verdict and consequent judgment in favor of appellees for $400, from which is this appeal.

The testimony adduced presented three issues of fact for determination by the jury, as follows:

First.   Whether or not appellant, as a ferryman and common carrier, had received the property for transportation and had exclusive custody of it at the time it fell into the river.

Second. Whether the automobile and its contents fell into the river through the contributory negligence on the part of appellee, Hill Harrington; and,

Third.   Whether or not the car and its contents were lost and destroyed, or merely damaged by falling into the river.

The first and second issues of fact were submitted to the jury on conflicting testimony, under proper instructions, and the trial court did not err in refusing to set the adverse verdict to appellant aside.

The third issue of fact was not submitted to the jury for determination, under proper instructions, as it should have been. The court assumed that the property was totally lost or destroyed, and instructed the jury, if they found for appellees upon the issue of liability, that they should return a verdict in their favor for the value of the property at the time it was lost. In other words, the court submitted this issue to the jury upon the assumption that appellant had totally destroyed the property by allowing it to fall out of the ferryboat into the river. This was error, for the undisputed evidence did not reflect that the property was totally destroyed by falling into the water. At the time the automobile fell into the river the water was high. The river fell sufficiently, after two weeks, for appellant to pull the automobile and contents out of the water, which he did. The automobile was standing upright in the water on its four wheels, when reclaimed, and about the only injury it had sustained, in addition to the wetting and the time it remained in the water, was to the fenders. They were bent to some extent. One of the witnesses who helped pull the car out of the water said that he had had about two years' experience with second-hand automobiles, and the automobile in question was worth about $75 or $100.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.